IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Yvonne Nelson, Desmond Nelson and Darius Nelson, | ) )   Civil Action No.: 4:10-cv-3119-RBH |
| Plaintiffs, | ) ) ) |
| v. | )   **ORDER** |
| City of Conway's Department of Social Services, Employment Security Commission, Horry County Public Schools, Horry Georgetown Technical College, Housing Authorities, Medicaid, Social Security, and Waccamaw Mental Health, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the Court upon Plaintiffs' [Docket #89] objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' motions to dismiss, dismiss Defendant Medicaid pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and dismiss this case in its entirety without prejudice. For the following reasons, the Court adopts the Magistrate Judge's R&R as modified herein.

**Procedural History & Factual Background**

This case was initiated on October 14, 2010, when the Plaintiff filed a *pro se* Complaint alleging "that the above governmental state organizations within Horry County has [sic] caused mental anguish due to personal injury, disability discrimination, and neglect." Compl., p.1. The United States removed the case to this Court pursuant to 28 U.S.C. § 1346(b). The following motions are currently

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

pending before the Court: (1) Defendant Social Security's Motion to Dismiss [Docket #8]; (2) Defendant Department of Social Services' ("DSS") Motion to Dismiss [Docket #14]; (3) Defendant Horry County Schools' Motion to Dismiss [Docket #18]; (4) Defendants DSS, Employment Security Commission, Horry County Police Department, Horry Georgetown Technical College, Housing Authorities, and Waccamaw Mental Health's Motion to Dismiss [Docket #62]; and (5) various motions filed by the Plaintiffs.[2]  On July 29, 2011, the Magistrate Judge issued an R&R in which he recommends the Court grant the Defendants' motions to dismiss, dismiss Defendant Medicaid pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and dismiss this case in its entirety without prejudice.  On August 5, 2011, the Plaintiffs filed timely objections.  Subsequently, the Defendants filed replies, and the Plaintiffs filed additional objections.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[2] The Plaintiffs have filed the following motions: (1) Motion for Summary Judgment [Docket #29]; (2) Motion for Preliminary Injunction [Docket #38]; (3) Motion for Financial Relief through a Trust Fund [Docket #39]; (4) Motion for Background Summary [Docket #40]; (5) Motion for all Litigants to be Tried Together [Docket #41]; (6) Motion for a Stay of Dismissal of Claim to File Suit [Docket #43]; (7) Motion to Squash all Future Motions from Defendants [Docket #44]; (8) Motion for Protective Order [Docket #48]; (9) Motion for Permanent Injunction [Docket #50]; (10) Motion to Amend to Add Defendants [Docket #51]; (11) Motion for Summary Judgment [Docket #53]; (12) Motion for a Change in Rules, Policies, and Regulations [Docket #78]; (13) Motion for Preliminary Injunction [Docket #90] and (14) Motion to Substitute Judge (Thomas E. Rogers III) [Docket #94].

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Defendant Social Security argues that this Court lacks subject matter jurisdiction because the Plaintiffs have failed to file an administrative claim pursuant to the Federal Tort Claims Act for the alleged personal injury and damages sought in their claims against the Social Security Administration. *See* 28 U.S.C. § 2675(a); *see also Kielwien v. United States,* 540 F.2d 676, 679 n.6 (4th Cir. 1976). The Magistrate Judge found that "this [C]ourt lacks subject matter jurisdiction over Plaintiffs' claims against Defendant Social Security and dismissal is proper." R&R, p.5. In their objections, the Plaintiffs state:

> Being that I am disabled, under the Americans with Disability Act, I am not required to exhaust administrative remedies as I attempted to do with all but the Social Security Administration. However, I have reached the Administrative Law Judge in with the Social Security Administration on the appeal stage. I find it to also be a frivolous cause to exhaust remedies, because they all discriminates, coerces [and] misrepresents documentation and information.

Objections, p.3. The Court finds this argument unpersuasive and agrees with the recommendation of the Magistrate Judge.

The remaining Defendants, except for Defendant Medicaid, argue that dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Magistrate Judge found that

3

the Plaintiffs did not allege sufficient factual assertions to state a cognizable claim: "Plaintiffs have failed to 'nudge' their claims 'across the line from conceivable to plausible,' id. at 1952 (quoting Twombly, 550 U.S. at 570), and thus, dismissal is appropriate." R&R, p.9.  In their objections, the Plaintiffs appear to object to the dismissal of their "disability discrimination" claim.  They argue:

> [A]lthough I have received minimum state benefits as an individual recovering from trauma, I did not receive the maximum that the state has to offer to allow total rehabilitation, which would have disregarded any unearned income received to allow total care of the state while I pursued a new career as an disabled adult with qualifying skills and two disabled children.  But because the defendants have refused access to these benefits, programs, and treatments, my mentality has stayed the same and it has caused undue hardship.  Because of this, I hold the state responsible. . . . To be simply put, the defendants and all litigants in a lawsuit have staged together in a parallel behavior within a system, a premeditated conspiracy to ruin my mental state of mind with controlled substances.  In fighting to recover from this trauma, the defendants have willfully discriminated against myself and children by refusing necessary assistance and accommodation to allow such recovery.

Objections, p.2. The Americans with Disabilities Act provides a cause of action under federal law for disability discrimination; however, the Plaintiffs have failed to provide sufficient factual allegations to state a claim under this statute. *See* 42 U.S.C. § 12132; *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 498 (4th Cir. 2005) (holding that a plaintiff seeking recovery under Title II of the ADA must allege that (1) she has a disability; (2) she is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) she was "excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability.").

The Supreme Court has clarified the standard for dismissal under Rule 12(b)(6) and held that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." *Bell Atlantic*

4

*Corp. v. Twombly,* 550 U.S. 544, 563 (2007).  Expounding on its decision in *Twombly,* the Supreme Court stated in *Ashcroft v. Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly,* 550 U.S. at 555-70) (internal citations omitted).  In the instant matter, the Plaintiffs have not asserted sufficient factual matter, accepted as true, to "state a claim [for disability discrimination] that is plausible on its face." *Twombly,* 550 U.S. at 570.

Finally, the Magistrate Judge recommends that Defendant Medicaid be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  In their objections, the Plaintiffs state:

> Pursuant to Federal Rule of Civil Procedure, rule 4, pertaining to summons; to my understanding, all defendants have been notified that a lawsuit was filed against them before being transferred to the United States District Court.  They were all summons by the Horry County Sheriff Department of Conway, South Carolina.

Objections, p.3.  The Court notes that "Defendant Medicaid" is not a proper defendant, and dismissal is appropriate on this ground alone. *See* 42 U.S.C. § 1396a(a)(5) (West 2003 & Supp. 2009); *see generally Doe v. Kidd,* 419 F. App'x 411, \*\*1 (4th Cir. 2011) ("DHHS is the South Carolina state agency responsible for administering Medicaid programs. DDSN supervises the treatment and training of South Carolinians with mental retardation and related disabilities.").  Alternatively, the record is

5

devoid of any evidence indicating that the proper Defendant was ever served, the Plaintiffs have not shown good cause for this failure, and dismissal of Defendant Medicaid is proper.[3]

## **Conclusion**

Having thoroughly reviewed the entire record, the Plaintiffs' objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted as modified herein and incorporated by reference. Accordingly, (1) Defendant Social Security's Motion to Dismiss [Docket #8]; (2) Defendant DSS's Motion to Dismiss [Docket #14]; (3) Defendant Horry County Schools' Motion to Dismiss [Docket #18]; and (4) Defendants DSS, Employment Security Commission, Horry County Police Department, Horry Georgetown Technical College, Housing Authorities and Waccamaw Mental Health's Motion to Dismiss [Docket #62] are each **GRANTED.**

---

[3] "If a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Robinson v. Clipse,* 602 F.3d 605, 608 (4th Cir. 2010). The Magistrate Judge put the Plaintiffs on notice that their claims against "Defendant Medicaid" were subject to dismissal pursuant to Rule 4(m). In their objections, the Plaintiffs failed to sufficiently respond or show good cause for their failure to serve the proper defendant, and dismissal of "Defendant Medicaid" is appropriate. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, . . . and have held that some procedural rules must give way because of the unique circumstances of incarceration, . . . <u>we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel</u>.") (emphasis added).

Moreover, "Defendant Medicaid" is dismissed, and this case is dismissed in its entirety **without prejudice.** All other pending motions are **MOOT.**

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

Florence, South Carolina
August 25, 2011